# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Stanford Lance Weaver, | ) |
|                 Plaintiff, | ) Civil Action No.: 1:19-cv-2700-JMC |
| v. | ) **ORDER AND OPINION** |
| Unites States Postal Service, | ) |
|                 Defendant. | ) |

    This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on May 26, 2020. (ECF No. 44.) Within her Report, the Magistrate Judge recommends that the court grant Defendant United States Postal Service's ("Defendant") Motion to Dismiss (ECF No. 22) because Plaintiff's claim is time-barred. (*Id.* at 5.) For the reasons stated below, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 44), incorporating it herein, **GRANTS** Defendant's Motion to Dismiss (ECF No. 22) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

    The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 44.) As brief background, Plaintiff, proceeding *pro se*

---

[1] When determining whether to dismiss Plaintiff's Complaint with prejudice, the court must determine whether the Complaint could be amended and filed with claims over which the court has jurisdiction. "To the extent, however, that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating this dismissal to be without prejudice. Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend." *McLean v. U.S.*, 556 F.3d 391, 400 (4th Cir. 2009). Here, the Report makes clear that Plaintiff's Complaint is incurable as his claims are time-barred.

and *in forma pauperis*, filed his Complaint on September 23, 2019. (ECF No. 1.) In his Complaint, Plaintiff claims that Defendant unlawfully denied him leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*. between 2014 and May 2016 both during his wife's pregnancy and after the birth of his son. (ECF No. 1 at 5.) Plaintiff further claims that Defendant retaliated against him for either seeking or using FMLA leave. (*Id*. at 2.) As relief, Plaintiff seeks back pay following his termination, the reinstatement of his position, and damages. (*Id*.) On January 1, 2020, Defendant filed its Motion to Dismiss. (ECF No. 22.)

Within its Motion, Defendant submits that Plaintiff's Complaint was not filed within the two-year time period for filing a FMLA claim. (ECF No. 22 at 2.) Defendant also acknowledges that there is a three-year statute of limitations if the claim arose from "willful" conduct. (*Id*.); 29 U.S.C. § 2617(c)(1); *Honeycutt v. Baltimore Cty., Maryland*, 278 F. App'x 292 (4th Cir. 2008). Defendant further argues that "on the face of the Complaint, Plaintiff states that his claims arose during September of 2014; as well as during March of 2015 to May of 2016. Accordingly, the statute's two-year limitations period lapsed in September of 2016, and May of 2018, respectively. Plaintiff does not allege a claim based on willful conduct. But, even if he did, the limitations period lapsed in September 2017, and May of 2019, at the latest." (ECF No. 22 at 3.) Because Plaintiff filed the case on September 23, 2019, it is untimely. (*Id*.)

Due to Plaintiff's untimeliness, Defendant argues that the Complaint must be dismissed pursuant to Rule 12(b)(1) and/or 12(b)(6). (ECF No. 22 at 2.) The Magistrate Judge issued a *Roseboro* Order to Plaintiff on January 1, 2020. (ECF No. 23.) Seeming to argue the merits of his case, Plaintiff responded to Defendant on February 18, 2020. (ECF No. 32.) Within his Response to the Motion to Dismiss, Plaintiff mentioned that he filed an Amended Complaint, which alleged that he was terminated on September 23, 2016 (as opposed to the original May 2014- May 2016

2

violation dates alleged in his original complaint) and the new termination date falls within the three-year statute of limitations. (ECF No. 32 at 2.) Plaintiff did not attach any documentation to his Amended Complaint establishing his termination date. On April 16, 2020, Defendant filed a response, opposing Plaintiff's Motion to Amend and attached the notice of termination to the response. (ECF Nos. 42, 42-1.)

The Magistrate Judge filed her Report on May 26, 2020. (ECF No. 44.) Within her Report, the Magistrate Judge reasoned that "regardless of whether the two or three-year limitations period applies and regardless of whether it began to run from the earlier or later date utilized by the various courts, the latest date of discrimination alleged in Weaver's Complaint is May 2016, which is more than three years before Weaver filed this action on September 23, 2019." (ECF No. 44 at 3.) For that reason, the Magistrate Judge concluded that Plaintiff's Complaint was untimely. (*Id.*) Moreover, the Magistrate Judge determined that the termination notice filed by Defendant established that the date of termination was July 5, 2016. (ECF No. 42-1.) The Magistrate Judge also informed both parties of their rights to file specific, written objections to her Report. (*Id.* at 5.)

Plaintiff filed his Objections to the Report on June 9, 2020. (ECF No. 56.) Within his Objections, Plaintiff recounts the alleged acts of discrimination he endured while an employee of Defendant. (*Id.* at 1–2.) Noticeably, Plaintiff did not specifically address why his Complaint was untimely or rebut Defendant's assertion and documentation that his termination date was July 5, 2016. (*See id.* at 1-2.) The Report is ripe for adjudication.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a

3

recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Although *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solicitude' with which

a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. DISCUSSION

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning." (citations omitted)); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))).

Upon review of Plaintiff's Objections to the Report and Recommendation, Plaintiff does not specifically address the Magistrate Judge's findings concerning the untimeliness of his Complaint. (*See* ECF No. 56 at 1–2.) Instead, Plaintiff argues the merits of his case by alleging that he was harmed by Defendant and unlawfully terminated. (*See id.*) As such, Plaintiff has not presented the court with an objection for purposes of reviewing the Magistrate Judge's Report because he does not sufficiently challenge the untimeliness of his Complaint. (*Compare* ECF No. 44 at 3–4, *with* ECF No. 47 at 1–2.) Additionally, Plaintiff presents the same factual allegations that were before the Magistrate Judge and rehashes them. The court declines to hear Plaintiff's rehashed allegations. *See Orpiano*, 687 F.2d at 47. Therefore, Plaintiff's Objections to the Report and Recommendation are not specific objections. *Midgette*, 478 F.3d at 621.

In the absence of *specific* objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report and must only discern whether the Report contains clear error. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315. In the instant case, the court has carefully examined the findings of the Report and concludes that Plaintiff's Complaint was untimely. (ECF No. 44 at 3–4.) The Report thoroughly addresses the untimeliness of Plaintiff's Complaint. (*See id.*) Because specific objections were not filed by Plaintiff and the Report does not contain clear error, the court adopts the Report herein. *See Camby*, 718 F.2d at 199; *Diamond*, 416 F.3d at 315.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 44). Therefore, the court **GRANTS** Defendant's Motion to Dismiss (ECF No. 22) and **DISMISSES** the Complaint (ECF No. 1) with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 1, 2020
Columbia, South Carolina