IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Stanford Lance Weaver,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>United States Postal Service,<br><br>　　　　　　Defendant. | Case No. 1:19-cv-02700-JMC-PJG<br><br><br>**ORDER** |

The matter is before the court on United States Magistrate Judge Paige J. Gossett's order and report and recommendation, ECF No. 44, issued May 26, 2020 (the "Report"). For the reasons below, the court adopts the Report as modified herein.

## BACKGROUND

Plaintiff Stanford Lance Weaver was previously employed by defendant the United States Postal Service ("USPS"). [*See generally* ECF No.1, Compl.] Weaver alleges he sought or used leave under the Family and Medical Leave Act ("FMLA") throughout his wife's pregnancy in 2014 and 2015 and after the birth of his son, until May 2016. *See id.* at 5. USPS allegedly denied his FMLA request and/or retaliated against him for seeking or taking FMLA leave. *Id.* Weaver was ultimately terminated.

Weaver sued USPS on September 23, 2019, seeking back pay, reinstatement of his position, and damages. *Id.* USPS moved to dismiss the claims on January 13, 2020, arguing they are untimely. [*See* ECF No. 22.] Weaver moved to amend his complaint on February 13, 2020. [*See* ECF Nos. 31.] A few days later, Weaver opposed USPS' motion to dismiss, arguing that his claims were timely, referencing allegations in the proposed amended complaint. [*See* ECF No. 32 at 1–2.] After the court denied Weaver's motion without prejudice, he re-filed his motion to

1

amend. [*See* ECF No. 38.] Notably, while Weaver's original complaint lacked any allegations that USPS wrongfully terminated him, his proposed amended complaint includes a wrongful termination claim, stating that USPS wrongfully terminated him on September 23, 2016. *See id.* at 4–7. USPS opposed Weaver's motion to amend, asserting that the amendment was futile because it merely reiterated claims that were time-barred. [*See* ECF No. 42.]

The magistrate judged later issued her Report denying Weaver's motion to amend and recommending the court grant USPS' motion to dismiss. [*See generally* ECF No. 44.] Weaver objected to the Report, arguing the magistrate judge erred in denying his motion to amend and recommending the court dismiss his claims. [*See generally* ECF No. 47.] USPS replied to Weaver's objections on June 23, 2020.[1] [*See* ECF No. 48.]

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only

---

[1] The court previously adopted the entire Report. [*See* ECF No. 51.] The court there concluded Weaver did not file specific objections to the Report and thus reviewed the Report only for clear error. *See generally id.* Weaver appealed the court's order and the Fourth Circuit vacated the order, directing the court to review de novo the Report. [*See generally* ECF No. 67.] This matter was reassigned to the undersigned when the Fourth Circuit issued its mandate. [*See* ECF No. 69.]

generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[a]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

Because Plaintiff is proceeding pro se, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

Weaver objects to the magistrate judge's decision to deny his motion to amend his complaint and the recommendation to dismiss his claims as untimely. The court agrees with most of the magistrate judge's recommendations. But because Weaver disputes the date of his termination by USPS, the court will allow him to amend his complaint in part as outlined below.

The Federal Rules direct the court to "freely" grant a party leave to amend his pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has interpreted Rule 15(a) "to provide that 'leave to amend a pleading should be denied only when the amendment would be

3

prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).  An amendment is considered "futile" if it would not survive a motion to dismiss, *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

The FMLA deems it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter[,]" or to "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. § 2615(a)(1)–(2).  A plaintiff must file suit no later than two years "after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1).  If the violation is willful, the plaintiff has three years from " the date of the last event constituting the alleged violation" to file suit.  29 U.S.C. § 2617(c)(2).

Weaver's amended complaint alleges numerous ways in which USPS wrongfully interfered with his FMLA rights or retaliated against him.  [*See generally* ECF No. 38-1 at 4–7.] In his objections, Weaver conceded that "though [he] used certain dates and time frames . . . in his original complaint . . . the issue or reason [he] brought this action forward on 9/23/2019, was due to the termination of [Weaver] by [USPS] on 9/23/2016, and not individual dates of denial of FMLA leave." [*See* ECF No. 47 at 2.]  Although the court interprets this to mean that Weaver does *not* intend to pursue claims based on USPS' denials from 2014 to 2016, it is important to note that any claims arising before September 23, 2016, including denials of FMLA leave, are barred under either the two-or-three-year statute of limitations.  The magistrate judge thus did not

4

err in recommending denial of Weaver's motion to amend his complaint to the extent the complaint purported to raise any claims arising before September 23, 2016, and recommending the court dismiss those claims.

That said, Weaver's amended complaint also includes a claim that USPS wrongfully terminated him on September 23, 2016. *See id.* at 4 ("Plaintiff . . . seeks damages or relief . . . as a result of plaintiff's termination of employment from the USPS for attendance on 9/23/2016."). USPS counters by stating that Weaver was notified of his termination on June 3, 2016, and that September 23, 2016, is the date Weaver *withdrew* his labor grievance. [*See* ECF No. 42 at 3–5; ECF No. 42-1; ECF No. 42-2.]  Citing *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980), the magistrate judge noted the limitations period for claims based on termination starts when the employer notifies an employee of his termination. [*See* ECF No. 44 at 4.]  The magistrate judge also noted the limitations period is *not* tolled while a plaintiff's grievance is pending or during a period of continued employment. *Id.* (citing *Ricks*, 449 U.S. at 258; *Shultz v. Congregation Shearith Israel of City of New York*, 867 F.3d 298, 305 (2d Cir. 2017)).  For those reasons, the magistrate judge concluded the statute of limitations on Weaver's claim for unlawful termination began to run on June 3, 2016, and was barred by the statute of limitations. *Id.* at 4–5.  The magistrate court thus denied Weaver's motion to amend and recommended granting USPS' motion to dismiss.

In his objections to the magistrate judge's Report, however, Weaver argues USPS did not follow the correct procedures for termination:  "The USPS requires a higher authority to sign off on any disciplinary actions of fourteen days or more or of discharges.  There is no evidence that the USPS complied with this requirement in administration of the notice of removal on 6/4/2016,

and the US Attorney provided no such evidence to the Court in it[]s Response to Motion to Amend . . . ." [ECF No. 47 at 2.] Though USPS generally addressed Weaver's objections to the Report, it did not address this argument.

While Weaver did *not* make this argument in his briefing before the magistrate judge, the court acknowledges Weaver's pro se status and his representation that he did not know he could reply to USPS' opposition to his motion to amend. Out of an abundance of caution, then, and considering Weaver's claim that USPS did not follow the correct protocol when issuing the June 3, 2016, notice, the court will grant Weaver leave to amend his complaint to assert the claims related to his termination but only in relation to events surrounding September 23, 2016. Any claims related to denials of FMLA leave before this date will be stricken as time barred. Accordingly, the court strikes those claims from the proposed amended complaint.

## CONCLUSION

For the reasons above, the court adopts the Report as modified herein. The court thus **GRANTS IN PART** Weaver's motion to amend his compliant, ECF No. 38, to add claims arising out of his termination, which he alleges occurred on September 23, 2016, and **DENIES** the remainder of that motion. The court also **GRANTS IN PART** USPS' motion to dismiss, ECF No. 22, and dismisses Weaver's claims concerning USPS' purported denial of his requested FMLA leave. Weaver must file his amended complaint within **14 days** of entry of this order. The court recommits the matter to the magistrate judge for further proceedings as discussed herein.

IT IS SO ORDERED.

February 4, 2025  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge